VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

JAMIE VINSON, Administrator of the ESTATE OF
PHILEMON S. VINSON,

    Plaintiff,

v.    Case No: CL24-5057

WELLPATH, LLC,
SHARON WELLS,
and
ANNE PURKERSON,

    Defendants.

## ANSWER TO COMPLAINT

COMES NOW Defendant Wellpath, LLC, by counsel, and, without waiver of the arguments in its Demurrer and Plea in Bar, states the following for its Answer to the Complaint:

1. The Defendant does not have sufficient information to admit or deny the allegations in Paragraph 1; therefore, the Defendant denies the allegations.

2. The Defendant does not have sufficient information to admit or deny the allegations in Paragraph 2; therefore, the Defendant denies the allegations

3. With respect to the allegations in Paragraph 3, the Defendant admits that it is a limited liability company with its headquarters in Tennessee and it is licensed to do business in the Commonwealth of Virginia. The Defendant denies the remaining allegations.

4. With respect to the allegations in Paragraph 4 and upon information and belief, the Defendant admits that Sharon Rice, LPN was a licensed practical nurse in 2022. The Defendant denies the remaining allegations.

5. With respect to the allegations in Paragraph 5, the Defendant admits that it employed Sharon Rice, LPN in July and August 2022 and Nurse Rice's name appears on certain documents in Mr. Vinson's medical file. The Defendant does not have sufficient information to admit or deny the remaining allegations and, therefore, denies the remaining allegations.

6. The Defendant does not have sufficient information to admit or deny the allegations in Paragraph 6; therefore, the Defendant denies the allegations.

7. With respect to the allegations in Paragraph 7, the Defendant admits that in July and August 2022, it was contracted with the Jail to employ certain medical and mental health personnel to provide medical and mental health care, as needed, to inmates. The Defendant denies the remaining allegations.

8. With respect to the allegations in Paragraph 8, the Defendant admits that this Court is a permissible venue for the claims in the Complaint.

9. Upon information and belief, the Defendant admits the allegations in Paragraph 9.

10. The Defendant does not have sufficient information to admit or deny the allegations in Paragraph 10; therefore, the Defendant denies the allegations.

11. With respect to the allegations in Paragraph 11, the Defendant admits that a Receiving Screening dated August 14, 2022 and signed by Sharon Rice, LPN notes "Observation…Behavior Appropriate…Speech Clear/coherent". The Defendant denies the remaining allegations.

12. With respect to the allegations in Paragraph 12, the Defendant admits that a Receiving Screening has the language "Mental Health and Suicide Risk Screening" and "A 'YES' response to any Questions 10, 13, 14, 15, 17, 18: place on suicide watch & STAT referral to MHP". The Defendant denies the remaining allegations.

13. With respect to the allegations in Paragraph 13, the Defendant admits that a Receiving Screening has the language, "10. Have feelings that there is nothing to look forward to or feel hopelessness/helpless? Yes. Explain: Pt expressed that his feelings are not being considered, denies suicidal ideation." The Defendant denies the remaining allegations.

14. With respect to the allegations in Paragraph 14, the Defendant admits that a Receiving Screening has the language, "10. Have feelings that there is nothing to look forward to or feel hopelessness/helpless? Yes. Explain: Pt expressed that his feelings are not being considered, denies suicidal ideation." The Defendant denies the remaining allegations.

15. The allegations in Paragraph 15 are not factual assertions related to Mr. Vinson, are vague assertions of opinion, do not contain context, and are from an unknown source; therefore, there is not sufficient information for the Defendant to admit or deny the allegations and the Defendant denies the allegations.

16. With respect to the allegations in Paragraph 16, the Defendant admits that a Special Need Identification Form has two (2) signatures, one of which is "S. Rice LPN", and has handwriting noting, "Sts depressed…No S/I plan Pt denies but sts he feels no one cares about his feelings". The Defendant denies the remaining allegations.

17. With respect to the allegations in Paragraph 17, the Defendant denies negligence or any wrongdoing. The Defendant admits that the Receiving Screening has the language "Disposition…Monitoring" and the box for suicide watch was not marked, has the language "Placement/Housing Recommendation" and the box for General Population was marked, and has the language "Does patient need a referral?" and the boxes for Mental Health/Routine and Chronic Care/Routine were marked. The Defendant denies the remaining allegations.

18. With respect to the allegations in Paragraph 18, the Defendant admits that a Mental Health Referral Form has the language, "Name & Title of Person making Referral S. Rice, LPN" and "E-signed by Sharon Rice, LPN/LVN on 8/14/2022 09:16 PM EST". The Defendant denies the remaining allegations.

19. With respect to the allegations in Paragraph 19, the Defendant admits that a Mental Health Referral Form has the language, "Reason for Referral: Upon intake, pt reports c/o feeling depresses recently. Denies suicidal ideations." The Defendant denies the remaining allegations.

20. With respect to the allegations in Paragraph 20, the Defendant admits that a Mental Health Referral Form has the language, "E-signed by Sharon Rice, LPN/LVN on 8/14/2022 09:16 PM EST". The Defendant denies the remaining allegations.

21. The Defendant does not have sufficient information to admit or deny the allegations in Paragraph 21; therefore, the Defendant denies the allegations.

22. With respect to the allegations in Paragraph 22, the Defendant admits that a Mental Health Referral Form has the language, "E-signed by Anne Purkerson, Mental Health Professional on 8/15/2022 11:19 AM EST". The Defendant denies the remaining allegations.

23. With respect to the allegations in Paragraph 23, the Defendant admits that a Mental Health Structured Progress Note has a signature by "Purkerson, MA, LPC, MHD" and has the language, "Suicidal Ideations Noted? No" and "would never hurt himself". The Defendant denies the remaining allegations.

24. The Defendant does not have sufficient information to admit or deny the allegations in Paragraph 24; therefore, the Defendant denies the allegations.

25. The Defendant denies the allegations in Paragraph 25.

26. The Defendant denies the allegations in Paragraph 26.

27. Paragraph 27 does not contain any specific allegations. To the extent a response is required, the Defendant denies the allegations.

28. With respect to the allegations in Paragraph 28, the Defendant admits that Sharon Rice, LPN would have been generally obligated to comply with the standard of care provided in Virginia Code §8.01-581.20 when treating patients. The Defendant denies the remaining allegations.

29. With respect to the allegations in Paragraph 29, the Defendant admits that Sharon Rice, LPN would have been generally obligated to comply with the standard of care provided in Virginia Code §8.01-581.20 when treating patients. The Defendant denies the remaining allegations.

30. The Defendant denies the allegations in Paragraph 30.

31. The Defendant denies the allegations in Paragraph 31.

32. The Defendant denies the allegations in Paragraph 32.

33. The Defendant denies the allegations in Paragraph 33.

34. Paragraph 34 does not contain any specific allegations. To the extent a response is required, the Defendant denies the allegations.

35. The allegations in Paragraph 35 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

36. The allegations in Paragraph 36 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

37. The allegations in Paragraph 37 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

38. The allegations in Paragraph 38 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

39. The allegations in Paragraph 39 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

40. The allegations in Paragraph 40 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

41. The allegations in Paragraph 41 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

42. The allegations in Paragraph 42 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

43. Paragraph 43 does not contain any specific allegations. To the extent a response is required, the Defendant denies the allegations.

44. The allegations in Paragraph 44 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

45. The allegations in Paragraph 45 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

46. The allegations in Paragraph 46 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

47. The allegations in Paragraph 47 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

48. The allegations in Paragraph 48 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

49. The allegations in Paragraph 49 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

50. The allegations in Paragraph 50 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

51. Paragraph 51 does not contain any specific allegations. To the extent a response is required, the Defendant denies the allegations.

52. The Defendant denies the allegations in Paragraph 52.

53. The allegations in Paragraph 53 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

54. The Defendant denies the allegations in Paragraph 54.

55. The Defendant denies the allegations in Paragraph 55.

56. The Defendant denies the allegations in Paragraph 56.

57. The allegations in Paragraph 57 are not directed at the Defendant, therefore no response is required. To the extent a response is required from the Defendant, the Defendant denies the allegations.

## Affirmative and General Defenses

1. The Defendant denies all allegations and/or conclusions in the Complaint that have not been specifically admitted in this Answer. The Defendant denies that it, or anyone for whom it is legally responsible, breached or violated any duty owed to Mr. Vinson. The Defendant denies that it, or anyone for whom it is legally responsible, committed any wrongful act or any act of negligence. The Defendant denies that it, or anyone for whom it is legally responsible, proximately caused Mr. Vinson's injuries or death. The Defendant denies that it is obligated to the Plaintiff or Mr. Vinson in any amount or for any cause.

2. Any recovery against the Defendant by the Plaintiff would be limited to the applicable amounts set forth in §§8.01-581.15 and 8.01-38.1 of the *Code of Virginia*.

3. The Defendant will assert the affirmative defense of contributory negligence.

4. The Defendant relies on the additional defenses documented in its Demurrer and Plea in Bar.

WHEREFORE, for the foregoing reasons, the Defendant demands judgment on its behalf, together with its costs expended herein.

TRIAL BY JURY IS DEMANDED.

WELLPATH, LLC
By Counsel

_____
Joel M. McCray, Esquire (VSB #38116)
Angela Boice Axselle, Esquire (VSB #43864)
WIMBISH GENTILE MCCRAY & ROEBER PLLC
8730 Stony Point Parkway, Suite 201
Richmond, VA 23235
Telephone: 804-655-4830
Facsimile: 804-980-7819
jmccray@wgmrlaw.com
aaxselle@wgmrlaw.com

## CERTIFICATE

I certify that a true and exact copy of the foregoing *Answer* was emailed and mailed, postage fully pre-paid, this 22 day of May, 2024, to:
Randy D. Singer, Esquire
Rosalyn K. Singer, Esquire
Kevin A. Hoffman, Esquire
Singer Hoffman, LLC
1209A Laskin Road
Virginia Beach, VA 23451
Phone: 757-301-9995
randy.singer@singerhoffman.com
Rosalyn.singer@singerhoffman.com
kevin.hoffman@singerhoffman.com
**Counsel for Plaintiff**

_____
Angela Boice Axselle